# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA MOLSON,<br>       Plaintiff | )<br>)   C.A. No. 18-225 Erie<br>) |
| v. | )   District Judge Susan Paradise Baxter<br>) |
| R. KEVIN SUTTLEE,<br>       Defendant. | )<br>) |

## **MEMORANDUM OPINION**

On August 13, 2018, the Clerk of Courts received a civil cover sheet and attached exhibit filed by Plaintiff Rowena Molson; however, Plaintiff failed to pay the filing fee or file a motion to proceed *in forma pauperis*. As a result, District Judge Arthur J. Schwab issued an Order, dated August 23, 2018, requiring Plaintiff to either pay the filing fee to the Clerk of Courts or file a motion to proceed *in forma pauperis*, on or before September 4, 2018, or suffer dismissal of this case. [ECF No. 2]. Plaintiff subsequently filed a motion to proceed *in forma pauperis* [ECF No. 3], which was denied by Order of Judge Schwab, dated September 7, 2018 [ECF No. 4].

On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 18, 2018. [ECF No. 5]. On October 18, 2018, this Court issued an Order requiring Plaintiff to pay the filing fee of $ 400.00 by November 7, 2018, or suffer dismissal of this case for failure to prosecute. Plaintiff has since failed to comply with this Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor

balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, it is apparent that, since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with an order of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of her claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Accordingly, this case will be dismissed for Plaintiff's failure to prosecute.

An appropriate Order follows.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

Dated: November 9, 2018